IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:20-cv-3110 |
| ) | |
| DEAN A. HUPP, et.al, ) | |
| ) | |
| Defendants, ) | |
| ) | |

## ORDER

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court is Defendants Dean and Michelle Hupp's Motion for Ruling to Allow Renewal of Passports (d/e 47). The Hupps seek to attend their son's wedding in the Dominican Republic on June 12, 2021, but claim they have not been able to renew their passports because the Commissioner of Internal Revenue made certifications under 26 U.S.C. § 7345 that the Hupps have a "seriously delinquent tax debt." For the reasons below the Court DENIES the Motion.

# I. BACKGROUND

The Hupps have filed their *pro se* motion in this lawsuit—an action whereby the United States is seeking to reduce to judgment the Hupps' unpaid taxes and to enforce the IRS's tax liens against a Springfield, Illinois, property the Hupps own.  See Complaint (d/e 1).  The Government claims that the Hupps owe more than $1.1 million in federal taxes for seven tax years.  Id.  The Hupps responded to the Complaint on February 10, 2021, and did not assert any counterclaims.  See Answer (d/e 37).

The Hupps' current motion, relates to their unpaid taxes, but not directly to lawsuit that the United States filed.  Under federal law, taxpayers who meet certain criteria may be identified by the IRS and certified as having a "seriously delinquent tax debt."  See 26 U.S.C. § 7345(b).  The State Department is not permitted to issue a passport to such an individual and may revoke a passport previously issued to any individual whom the IRS has certified.  See 22 U.S.C. § 2714a(e).  While the Hupps' motion claims both of them are unable to renew their now-expired passports pursuant to such a certification, the Government reports that the IRS certified the tax debts of only Michelle Hupp under § 7345(a) as seriously delinquent

tax debts and transmitted the certification to the Secretary of State. Resp. at 2 (d/e 48). Accordingly, the State Department would not be statutorily allowed Michelle Hupp to renew her passport if she tries to do so. For reasons unknown to the Government, the IRS has not certified the tax debts of Dean Hupp. Id.

    The Hupps filed this *pro se* motion (d/e 47) on June 1, 2021. The Hupps claim that they have been unable to reach a settlement with the IRS regarding their tax debts. Accordingly, the IRS will not decertify their (or at least Michelle Hupp's) tax debts, which is preventing them from renewing their passports and attending their son's wedding in the Dominican Republic on June 12, 2021. They have already booked their airline reservation, which is scheduled for June 9, 2021. Mot. Ex. B (d/e 47). The Hupps seek an order directing the Department of Justice to notify the IRS that they should be allowed to renew their passports. Mot. at 4. After being ordered to respond, the Government filed their response on June 7, 2021. The Hupps have not filed a reply, but due to their impending travel, the Court finds that the motion can be ruled on now.

## II. DISCUSSION

The Hupps' *pro se* motion appears to be a last-ditch effort to attend their son's imminent wedding in the Dominican Republic after their attempts to reach a settlement with the IRS regarding their tax debt were unsuccessful so far.  The Hupps are proceeding *pro se*, so the Court will construe their motion liberally to the extent possible.  See Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594 (1972) (holding that courts should liberally construe *pro se* pleadings as a matter of course).  However, their motion does not have any basis for this Court to grant relief—whether in this action or a separate one.

Michelle Hupp's passport renewal would be denied due to the IRS' certification pursuant to 26 U.S.C. § 7345 that she has a "seriously delinquent tax debt."  Section 7345 was enacted as part of the FAST Act in late 2015 to increase tax compliance.  See Fixing America's Surface Transportation Act (the "FAST Act"), § 32101(a). Pub. L. No. 114-94, 129 Stat. 1312, 1729 (2015).  The law provides that if the Secretary of Internal Revenue "receives certification by the Commissioner of Internal Revenue that an individual has a seriously delinquent tax debt, the Secretary shall transmit such

certification to the Secretary of State for action with respect to denial, revocation, or limitation of a passport." 26 U.S.C. § 7345(a).

The statute provides a number of due process protections that must happen before such a certification can issue. A "seriously delinquent tax debt" is defined in the statute as:

> An unpaid, legally enforceable Federal tax liability of an individual—
>
> (A) which has been assessed,
>
> (B) which is greater than $50,000, and
>
> (C) with respect to which—
>
>> (i) a notice of lien has been filed pursuant to section 6323 and the administrative rights under section 6320 with respect to such filing have been exhausted or have lapsed, or
>>
>> (ii) a levy is made pursuant to section 6331.

26 U.S.C. § 7345(b)(1). Notably, for a tax liability to have "been assessed" it must have been formally recorded. See 26 U.S.C. 6203. A tax liability will not be recorded by the IRS until the amount of the liability has been determined through an administrative process that provides the taxpayer with notice and opportunity to challenge the IRS's position. Additionally, excluded from the definition of a "seriously delinquent tax debt" are debts

that are "being paid in a timely manner pursuant to an agreement to which the individual is party under section 6159 or 7122." 26 U.S.C. § 7345(b)(2)(A). Certain debts where collection is suspended are also excluded from the definition of seriously delinquent tax debt. 26 U.S.C. § 7345(b)(2)(B).

Once a tax debt certification is issued, it can be reversed. If the debt is satisfied (whether because the taxpayer pays it, or because the IRS has succeeded in collecting it through its own efforts), the IRS must notify the State Department. 26 U.S.C. § 7345(c)(2)(A). The same is true if the debt becomes unenforceable, i.e., the statute of limitations for collections has run. Id. Moreover, the Commissioner is required to contemporaneously notify an individual of any certification or certification reversal. 26 U.S.C. § 7345(d).

If an individual believes that the certification is erroneous or has not been reversed when it should have, the statute provides a right to challenge the certification by bringing a civil action against the United States in federal district court or in the United States Tax Court. 26 U.S.C. § 7345(e). The available relief in such a lawsuit is limited: "If the court determines that such certification

was erroneous, then the court may order the Secretary to notify the Secretary of State that such certification was erroneous." Id.; Ruesch v. Comm'r of Internal Revenue, 154 T.C. 289, 296 (2020) ("In short, section 7345(e) limits our jurisdiction to determining whether the Commissioner erred in certifying (or in failing to reverse a certification) that a taxpayer owes a "seriously delinquent tax debt" as defined in section 7345(b).").

Here, the Government argues that the Court is without subject matter jurisdiction because the Hupps' challenge is blocked by sovereign immunity. "Sovereign immunity shields the United States from suit absent a consent to be sued that is unequivocally expressed." United States v. Bormes, 568 U.S. 6, 9–10 (2012) (quotation marks omitted). Waivers of sovereign immunity must be "unequivocally expressed" in statutory text. F.A.A. v. Cooper, 566 U.S. 284, 290 (2012). Where a statute provides a waiver of sovereign immunity, a litigant must strictly comply with the statute's prerequisites to bringing suit. Berman v. Schweiker. 713 F.2d 1290, 1300 (7th Cir. 1983).

While the Hupps have undoubtedly chosen the wrong mechanism to bring their challenge before the Court, the underlying

issue—if properly brought—is necessarily not barred by sovereign immunity.  The Hupps' motion might be read as challenging the § 7345 certifications as erroneous—that their debt does not qualify as a "serious delinquent tax debt" under § 7345(b).  This challenge itself is not barred by sovereign immunity, as § 7345(e) does expressly allow the Government to be sued to challenge the certification.  However, the statute is clear that it must bring a <u>new</u> civil action against the Government.  The statute cannot be read to authorize a counterclaim against the Government in a tangentially related suit.

However, the Court does not read the Hupps' motion to argue that the § 7345 certification was erroneous, and it appears any argument that the certification was erroneous would be frivolous.  Instead, the Hupps argue the certification is unjustified.  They argue that statute is only justified: (1) to apply pressure to resolve tax debt; (2) to avoid hiding and then accessing money in offshore accounts; and (3) to limit one's ability to flee the country to avoid taxes.  Mot. at 3 (d/e 47).  Because they do not believe any of these justifications for the statute apply to them, they believe that they should be exempted from the statutory language.  Reading their *pro*

*se* motion liberally (perhaps excessively liberally), this may be considered an argument the statute infringes on their right to international travel under the Fifth Amendment's Due Process clause. See Kent v. Dulles, 357 U.S. 116, 125, 78 S.Ct. 1113 (1958) ("The right to travel is a part of the 'liberty' of which the citizen cannot be deprived without the due process of law under the Fifth Amendment."). See also Jones v. Mnuchin, No. CV 119-222, 2021 WL 864954, at *4 (S.D. Ga. Mar. 8, 2021) (explaining why a plaintiff's challenges under the Ninth Amendment, Privileges and Immunities Clause, and First Amendment, and Fourteenth Amendment provided no basis for relief).

Sovereign immunity to such constitutional challenges has been waived pursuant to § 702 of the Administrative Procedures Act. See 5 U.S.C. § 702; Michigan v. U.S. Army Corps of Engineers, 667 F.3d 765, 775 (7th Cir. 2011) ("The waiver [of sovereign immunity in 702] applies when any federal statute authorizes review of agency action, as well as in cases involving constitutional challenges and other claims arising under federal law.").

The Hupps are proceeding *pro se,* so the Court could consider liberally construing their motion as a motion to amend their answer

to assert a counterclaim pursuant to Federal Rule of Civil Procedure 15(a)(2).  However, it is still not clear that they can bring this challenge as a counterclaim rather than in a new civil action.  See Fed. R. Civ. P. 13(d) ("The[ ] rules [regarding counterclaims] do not expand the right to assert a counterclaim—or to claim a credit—against the United States or a United States officer or agency.").

Assuming a motion to amend to add a counterclaim regarding the constitutionality of the Hupps' § 7345 certification might be otherwise permissible, the Court would not allow the amendment because it would be futile.  "[T]he freedom to travel outside the United States, unlike the 'right' to travel within the United States, is "no more than an aspect of liberty protected by the Due Process Clause." Clancy v. Off. of Foreign Assets Control of U.S. Dep't of Treasury, 559 F.3d 595, 604 (7th Cir. 2009) (citing Haig v. Agee, 453 U.S. 280, 306, 101 S.Ct. 2766 (1981).  Restrictions on the right to international travel must only be justified by a rational policy consideration.  Clancy, 559 F.3d at 604 ("The Supreme Court affords great deference to restrictions on international travel so long as they are justified by a rational foreign policy consideration.").

Here, § 7345 passes the rational basis test. The collection of seriously delinquent tax debts is a legitimate governmental interest. See, e.g., United States v. First Nat'l Bank of Chi., 699 F.2d 341, 346 (7th Cir. 1983) (stating that the United States' interest in collecting taxes "is of importance to the financial integrity of the nation"); Jones, 2021 WL 864954, at *6. Restricting the issuance and renewals of passports is rationally related to this interest for the very reasons the Hupps offer: (1) apply pressure to resolve tax debt; (2) to avoid hiding and then accessing money in offshore accounts; and (3) to limit one's ability to flee the country to avoid taxes. The Hupps argue that the statute is not justified as applied to them because they intend to pay their taxes, are not hiding money in offshore accounts, and do not intend to flee the country to avoid their taxes. However, that the Hupps claim they will meet their tax obligations even if the Government does not use this tool to pressure collection, does not make the statute unconstitutional. Because the Court finds that the statute is rationally related to a legitimate governmental interest, the Hupps' challenge is denied.

Aside from a challenge to the correctness of the § 7345 certification or the constitutionality of the statute, the Court does

not see any other challenge that the Hupps could be attempting to bring, let alone one that could be procedurally addressed within the context of this lawsuit. The Court cannot order the State Department to issue a passport to the Hupps in violation of 22 U.S.C. § 2714a(e) and the Court cannot order the IRS to decertify their tax debts in violation of 26 U.S.C. § 7345.

### III.  CONCLUSION

For the reasons above, Defendants' Motion (d/e 47) is DENIED.

**ENTERED:  June 8, 2021**

                       s/ Sue E. Myerscough
                       SUE E. MYERSCOUGH
                       UNITED STATES DISTRICT JUDGE