IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Case No. 3:20-cv-3110 |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| DEAN A. HUPP, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MOTION AND MEMORANDUM IN SUPPORT OF THE
UNITED STATES' MOTION FOR PARTIAL SUMMARY JUDGMENT**

NOW COMES the plaintiff United States of America and hereby move the Court under Fed.R.Civ.P. 56 and C.D. Ill. LR 7.1 for a partial summary judgment ruling that:

(A) judgment shall enter in favor of the plaintiff United States of America and against the defendants Dean A. Hupp and Michelle L. Hupp, jointly and severally, in the amount of $1,250,291.00, plus statutory additions accruing from and after November 15, 2021, including interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c);

(B) judgment shall enter declaring that the plaintiff United States of America holds valid and subsisting federal tax liens, pursuant to 26 U.S.C. §§ 6321 and 6322, associated with the tax debts described in paragraph (A) above upon all property and rights to property belonging the defendants Dean A. Hupp and Michelle L. Hupp, including Dean A. Hupp's and Michelle L. Hupp's rights, titles, claims, and interests in the property located 6401 Stonehaven Ridge, Springfield, Illinois 62711, which property is the subject matter of this action (the "Real Property"); and,

(C) such federal tax liens shall be enforced against the Real Property, and the Real Property shall be sold, free and clear of all rights, titles, claims, and interests of the parties to this action, with no right of redemption and with the proceeds of the sale to be distributed in accordance with law, as determined by the Court.[1]

## Introduction

In this lawsuit, the plaintiff United States seeks to reduce to judgment the unpaid joint federal income tax liabilities of Dean and Michelle Hupp for the tax years ending December 31, 2008 through 2014. Summary judgment is warranted because there is no genuine dispute as to any material fact and the United States is entitled to a judgment as a matter of law.

In addition, the United States seeks a determination that the federal tax liens associated with the tax debts attach to all property and rights to property belonging to Dean and Michelle Hupp, including the Real Property, and that, pursuant to 26 U.S.C. § 7403, the United States is entitled to enforce the federal tax liens against that property.

## Undisputed Material Facts

1.       Defendants Dean and Michelle Hupp (the "Taxpayers" or the "Hupps") filed a joint Individual Income Tax Return on Internal Revenue Service ("IRS") Form 1040 for tax year 2008 on October 15, 2009. They reported tax due of $25,933.00, which was the amount the IRS assessed on November 23, 2009. Exhibit A – Form 4340, IRS Certificate of Assessments for Tax Year 2008, page 1.[2]

---

[1] The United States is not moving for a determination of the priorities of the claims of the parties at this time.  It is anticipated that the parties will be able to stipulate as to the priorities of the claims.
[2] All page references to the various Forms 4340s (Exhibits A through G) refer to the page of the actual transcript, that is, the page number not including the certificate found at the beginning of each certified transcript.

2. The Hupps filed a joint Individual Income Tax Return on IRS Form 1040 for tax year 2009 on October 27, 2010. They reported tax due of $225,185.00, which was the amount the IRS assessed on November 22, 2010. Exhibit B – Form 4340, IRS Certificate of Assessments for Tax Year 2009, page 1.

3. The Hupps filed a joint Individual Income Tax Return on IRS Form 1040 for tax year 2010 on September 20, 2011. They reported tax due of $62,456.00, which was the amount the IRS assessed on October 24, 2011. Additional tax of $23,992.00 was assessed after an IRS examination. Exhibit C – Form 4340, IRS Certificate of Assessments for Tax Year 2010, pages 1 and 3.

4. The Hupps filed a joint Individual Income Tax Return on IRS Form 1040 for tax year 2011 on October 15, 2012. They reported tax due of $55,644.00, which was the amount the IRS assessed on November 19, 2012. Additional tax of $2,914.00 was assessed after an IRS examination. Exhibit D – Form 4340, IRS Certificate of Assessments for Tax Year 2011, page 1.

5. The Hupps filed a joint Individual Income Tax Return on IRS Form 1040 for tax year 2012 on October 15, 2013. They reported tax due of $304,551.00, which was the amount the IRS assessed on November 18, 2013. Exhibit E – Form 4340, IRS Certificate of Assessments for Tax Year 2012, page 1.

6. The Hupps filed a joint Individual Income Tax Return on IRS Form 1040 for tax year 2013 on October 15, 2014. They reported tax due of $80,465.00, which was the amount the IRS assessed on November 24, 2014. Additional tax of $34,691.00 was assessed after an IRS examination. Exhibit F – Form 4340, IRS Certificate of Assessments for Tax Year 2013, pages 1 and 2.

7. The Hupps filed a joint Individual Income Tax Return on IRS Form 1040 for tax year 2014 on October 19, 2015. They reported tax due of $24,787.00, which was the amount the IRS assessed on November 23, 2015. Additional tax of $8,137.00 was assessed after an IRS examination. Exhibit G – Form 4340, IRS Certificate of Assessments for Tax Year 2014, pages 1 and 2.

8. Notice of the income tax liabilities for tax years 2008 through 2014 was given to, and payment was demanded from, Dean and Michelle Hupp. Exhibits A through G, Exhibit I at ¶ 5, and the Hupps' Answer at ECF Doc 37, ¶ 13.

9. Despite proper notice and demand, the Hupps failed, neglected, or refused to fully pay the liabilities for 2008 through 2014, and after the application of all abatements, payments, and credits, they remain liable to the United States for the unpaid balances for those years. Exhibits A through G, and Exhibit I at ¶ 6.

10. The Hupps requested an installment agreement that included tax year 2008 on September 25, 2012. The request remained pending until February 4, 2013. Installment agreements were terminated on two occasions – on August 13, 2012, and March 10, 2014. Exhibit A, page 3. *See also* Hupps' Answer at ECF Doc 37, ¶ 15.

11. This action was filed on April 19, 2020. ECF Doc. 1.

12. This action was timely filed. Hupps' Answer at ECF Doc 37, ¶ 16.

13. The Hupps obtained title to the Real Property as joint tenants on July 27, 2012. *See* Exhibit H – Deed, and the Hupps' Answer at ECF Doc 37, ¶ 18.

14. As of November 15, 2021, the Hupps remain indebted to the United States for income tax liabilities for the tax years 2008 through 2014 in the amount of $1,250,291.00; statutory additions continue to accrue. Exhibit I – Declaration of Debt, ¶ 7.

**<u>Applicable Law</u>**

*Summary Judgment Standard*

Summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). This standard "mirrors the standard for a directed verdict under [Fed. R. Civ. P. 50(a)], which is that the trial judge must direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id*. at 249. The Court must draw all inferences in a light most favorable to the non-moving party, but may grant summary judgment when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Indeed, "[t]he mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient, there must be evidence on which the jury could reasonably finds for the [non-moving party.]" *Anderson*, 477 U.S. at 252.

*Tax assessment law*

A tax assessment, including those made on IRS Form 4340, is entitled to a legal presumption of correctness. *United States v. Fior D'Italia, Inc.*, 536 U.S. 238, 242 (2002); *Hefti v. Internal Revenue Service*, 8 F.3d 1169, 1172 (7th Cir. 1993). This presumption imposes upon the taxpayer the burden of proving that the assessment is erroneous. *Cole v. C.I.R.*, 637 F.3d 767, 773 (7th Cir. 2011) (quoting *Pittman v. Comm'r*, 100 F.3d 1308, 1313 (7th Cir. 1996). To rebut

the presumption of correctness and shift the burden to the United States, taxpayers must demonstrate the assessment lacks a rational foundation or is arbitrary and excessive. *Id*.

*Statute of limitations*

Normally, the United States has ten years from the date of the tax assessment to file a lawsuit to reduce tax assessments to judgment. *See* 26 U.S.C. § 6502(a). Submission and acceptance of a proposed installment agreement for processing may suspend the statute of limitations. 26 U.S.C. § 6331(k)(3), (i)(5), and (k)(2)(A) and (D) (levy and distraint, disallowing levy "*during the period that an offer…for an installment agreement…is pending*," and, if the offer is accepted but then terminated, "*during the 30 days thereafter* (and, if an appeal of such rejection is filed within such 30 days, during the period that such an appeal is pending)"); *cf.* 26 U.S.C. § 6503(a)(1) ("running of the period of limitations provided in section…6502…on the making of assessments or the collection by levy of a proceeding in court,…,shall…be suspended for the period during which the Secretary is prohibited from making the assessment or from collecting or a proceeding in court…, and for 60 days thereafter.") (emphasis added).

The relevant regulation provides that:

> A proposed installment agreement becomes pending when it is accepted for processing. The Internal Revenue Service (IRS) may not accept a proposed installment agreement for processing following reference of a case involving the liability that is the subject of the proposed installment agreement to the Department of Justice for prosecution or defense. The proposed installment agreement remains pending until the IRS accepts the proposal, the IRS notifies the taxpayer that the proposal has been rejected, or the proposal is withdrawn by the taxpayer. 26 C.F.R. 301.6159-1(b)(2).

## **Argument**

I.  **IRS Forms 4340 establish a *prima facie* case of tax liability, and statutory additional accrue on such liability as a matter of law.**

The United States is entitled to judgment for the unpaid joint federal income tax liabilities of Dean and Michelle Hupp for tax years 2008 through 2014. "It is well established in the tax law that an assessment is entitled to a legal presumption of correctness – a presumption that can help the Government prove its case against a taxpayer in court." *United States v. Fior D'Italia, Inc.*, 536 U.S. 238, 242 (2002).

The United States has submitted IRS Forms 4340, Certificates of Assessments, Payments, and Other Specified Matters, as evidence of tax assessments made against Dean and Michelle Hupp for each of the tax years at issue. *See* Exhibits A through G – Forms 4340, IRS Certificate of Assessments for Tax Years 2008 through 2014. The IRS Forms 4340 establish that, on the dates reflected therein, assessments of income tax, penalties, and interest were made against Dean and Michelle Hupp for joint income tax liabilities for the 2008 through 2014 tax years. *Id.* These unrebutted Forms 4340 establish the Taxpayers' liabilities for the assessed income taxes, penalties, and interest, plus accruals.

*Dean and Michelle Hupp are Indebted to the United States in the Balances Due Set forth in the Declaration of Shawn M. Kennedy.*

Under 26 U.S.C. § 6601, interest accrues on a tax liability by operation of law on a mathematical basis, at the rate prescribed in 26 U.S.C. § 6621. *United States v. Schroeder*, 900 F.2d 1144, fn. 5 (7th Cir. 1990). Thus, the Hupps are liable not only for the balances of the assessments listed on the IRS Forms 4340, but also for the interest that has accrued but not yet been assessed on such taxes and penalties, which accrues pursuant to 26 U.S.C. § 6621, until those liabilities are fully paid. *Id*. Judgment pursuant to Rule 56(a) is appropriate.

The balances due on the tax assessments against the Hupps, as reflected in the table below, are the amounts reflected in "INTST Reports" produced by the IRS's computers as the balances due with accruals for each taxable period at issue, after calculating interest and taking

7

into consideration all credits, payments, and abatements reflected on the IRS Forms 4340.[3]

Exhibit I, ¶ 1.

As of November 15, 2021, the Hupps remain jointly and severally indebted to the United States for those liabilities in the amount of $1,250,291.00, after taking into account all payments, credits, abatements, statutory accruals, and costs, summarized as follows:

| Tax Period Ending | Date of Initial Assessment | Tax Type | Balance Due as of 11/15/2021 |
|---|---|---|---|
| 12/31/2008 | 11/23/2009 | Form 1040 | $29,740.43 |
| 12/31/2009 | 11/22/2010 | Form 1040 | $439,306.71 |
| 12/31/2010 | 10/24/2011 | Form 1040 | $164,738.91 |
| 12/31/2011 | 08/11/2014 | Form 1040 | $5,013.70 |
| 12/31/2012 | 11/18/2013 | Form 1040 | $436,648.98 |
| 12/31/2013 | 11/24/2014 | Form 1040 | $128,270.67 |
| 12/31/2014 | 11/23/2015 | Form 1040 | $46,571.70 |
| **Total** | | | **$1,250,291.00** |

*Id* at ¶ 7.

Accordingly, as of November 15, 2021, the United States is entitled to judgment against Dean and Michelle Hupp, jointly and severally, in the amount of $1,250,291.00, as a matter of law unless the Hupps can rebut the presumptive validity of the IRS's tax assessments.

---

[3] Although IRS Forms 4340 contain entries of all assessments made to date on a particular account, which includes assessments of interest, they do not include accrued interest and penalties.

### II.     The lawsuit was timely filed.

The income taxes for the year 2008 were assessed on November 23, 2009. That means that a proceeding should have been initiated by November 23, 2019, under the normal ten-year statute of limitation. The Taxpayers made an offer for an installment agreement that included tax year 2008 on September 25, 2012. That offer remained pending until February 4, 2013 – a total of 132 days. In addition, installment agreements entered by the Hupps for tax year 2008 were terminated on two occasions – on August 13, 2012, and March 10, 2014. Each termination extended the statute of limitations by 30 days, for a total extension of at least 60 days due to the two terminations.

Between the installment agreement offer and the two installment agreement terminations, the statute of limitations was extended for at least 192 days. Therefore, the extended limitations date for tax year 2008 is at least June 2, 2020 (the original November 23, 2019 limitations dates plus 192 days). This suit was filed on April 19, 2020, within the extended limitations date. ECF Doc. 1. Therefore, the complaint was timely filed.

### III.    The United States is entitled to enforce federal tax liens on the Subject Property.

A federal tax lien arises when "any person liable to pay any tax neglects of refuses to pay the same after demand." 26 U.S.C. § 6321. Unless provided otherwise, the lien arises when the taxes are assessed and remains valid until the assessed amount "is satisfied or becomes unenforceable by reason of lapse of time." 26 U.S.C. § 6322. The amount of a lien includes the assessed amount, as well as "any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto" and attaches to "all property and rights to property" of the taxpayer. 26 U.S.C. § 6321.

The Internal Revenue Code "authorizes the institution of a civil action in a federal district court to enforce a lien 'to subject any property, of whatever nature, of the delinquent, or in which

he has any right, title, or interest, to the payment of such tax.'" *United States v. Nat'l Bank of Commerce*, 472 U.S. 713, 720 (1985) (quoting 26 U.S.C. § 7403(a)). This statutory language "is broad and reveals on its face that Congress meant to reach every interest in property that a taxpayer might have." *Id*. at 719-20. Section 7403(c) further provides that:

> The court shall, after the parties have been duly notified of the action, proceed to adjudicate all matters involved therein and finally determine the merits of all claims to and liens upon the property, and, in all cases where a claim or interest of the United States therein is established, may decree a sale of such property, by the proper officer of the court, and a distribution of the proceeds of such sale according to the findings of the court in respect to the interests of the parties and of the United States.

26 U.S.C. § 7403(c).

Because the IRS made assessments of taxes against Dean and Michelle Hupp as early as 2009, when the Hupps had title of the Property as joint tenants, the United States' assessment liens attached immediately to their interest in the Real Property, and the United States is entitled to sell the Real Property. *See* Exhibit H – Deed. The United States recognizes that defendants Illinois Department of Revenue, Piper Glen Subdivision Association, and Sangamon County, Illinois, have or may claim an interest in the Real Property. The United States anticipates entering into an agreed order with such defendants setting forth the relative priorities of all parties to the proceeds of the sale of the Real Property. The United States is not seeking a determination of the priorities of the claims of these defendants at this time.

## CONCLUSION

For the reasons set forth above, partial summary judgment should be granted in favor of the plaintiff United States and against the defendants Dean and Michelle Hupp.

        Respectfully Submitted,

        DAVID A. HUBBERT
        Deputy Assistant Attorney General
        Tax Division, U.S. Department of Justice

        */s/ Ali Gadelhak*
        ALI GADELHAK
        Trial Attorney, Tax Division
        U.S. Department of Justice
        Post Office Box 55
        Washington, D.C.  20044
        Tel: (202) 307-0854; Fax: (202) 514-5238
        Email:    Ali.Gadelhak@usdoj.gov

### CERTIFICATE OF COMPLIANCE

    I hereby certify that, pursuant to CDIL-LR 7.1(B)(4)(c), this memorandum complies with the type volume limitations. This memorandum contains 3,156 words.

        *s/ Ali Gadelhak*
        ALI GADELHAK
        Trial Attorney, Tax Division
        U.S. Department of Justice

### CERTIFICATE OF SERVICE

    I hereby certify that on this 20th day of January 2022, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send electronic notification to all registered participants, and on that same day I sent the foregoing document by electronic mail and United States Postal Service First Class to the following persons:

Dean Hupp
6401 Stonehaven Ridge
Springfield, IL 62711
dhupp@huppinfotech.com

Michelle Hupp
6401 Stonehaven Ridge
Springfield, IL 62711
michellehupp@comcast.net

        *s/ Ali Gadelhak*
        ALI GADELHAK
        Trial Attorney, Tax Division
        U.S. Department of Justice