# IN THE UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 20-cv-3110 |
| | ) |
| **DEAN A. HUPP, et al.,** | ) |
| | ) |
| Defendants. | ) |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

This is an action to collect delinquent tax and enforce federal tax liens against Defendants Dean and Michelle Hupp. The Government alleges that the Hupps owe more than $1 million in tax and wishes to enforce claimed liens on the Hupps' Springfield home. The Government also seeks to stay this action as to Mrs. Hupp, whose innocent-spouse petition is pending before the IRS.

This matter comes before the Court on the Government's Motion for Partial Summary Judgment. See d/e 51. Because the Hupps have not shown that the IRS's calculations are erroneous, arbitrary, or excessive, the Government's motion is GRANTED.

# I. BACKGROUND

The Court draws the following facts from the Government's statement of undisputed facts and the evidence the parties submitted. The Court deems admitted any facts not in dispute or disputed without an evidentiary basis. See L.R. 7.1(D)(2)(b)(2).

This case concerns the Government's claims for unpaid taxes against Dean and Michelle Hupp.[1] The Hupps filed with the IRS joint federal income tax returns in tax years 2008 through 2014. The IRS timely made assessments against the Hupps for unpaid tax, penalties, and interest incurred each year.

As evidence of the Hupps' unpaid tax liability, the Government submitted IRS Forms 4340 for the tax years at issue.

---

[1] Pursuant to 26 U.S.C. § 7403, the Government also names as defendants Piper Glen Subdivision Association; Catalyst Consulting Group, Inc.; Timber Creek Management, LLC; Real Tax Developers, Ltd.; Scott & Scott P.C.; the Illinois Department of Revenue; and Sangamon County, Illinois. See Compl., d/e 1. The Government asserts that the remaining parties have or may claim an interest in the Hupps' property on which the Government seeks to enforce its tax lien. The Government further "anticipate[s] that the parties will be able to stipulate as to the priorities of the claims" after a decision as to the Hupps' liability has been reached. See Pl.'s Mot., d/e 51, at 2 n.1. Catalyst Consulting Group and Scott & Scott P.C. have since disclaimed any interest in the Hupps' property. See d/e 27; d/e 28.

See Pl.'s Mot., d/e 51, exs. A–G (hereafter "Cert. Assessments"); see also Decl. of Shawn M. Kennedy, d/e 51-9, ¶ 4 (hereafter "Kennedy Declaration"). The Forms 4340 reflect the following liabilities:

| Tax Period Ending | Assessment Date | Assessment Type | Amount Assessed | Balance Due as of 11/15/2021 |
|---|---|---|---|---|
| 12/31/2008 | 11/23/2009 | Tax | $25,933.00 | $29,740.43 |
| 12/31/2009 | 11/22/2010 | Tax | $225,185.00 | $439,306.71 |
| 12/31/2010 | 10/24/2011 | Tax | $62,456.00 | $164,738.91 |
| | 08/11/2014 | Accuracy-Related Penalty | $4,798.40 | |
| | 08/11/2014 | Additional Tax Assessed | $23,992.00 | |
| 12/31/2011 | 08/11/2014 | Tax | $2,914.00 | $5,013.70 |
| 12/31/2012 | 11/18/2013 | Tax | $304,551.00 | $436,648.98 |
| 12/31/2013 | 11/24/2014 | Tax | $80,465.00 | $128,270.67 |
| | 02/15/2016 | Accuracy-Related Penalty | $3,128.00 | |
| | 02/15/2016 | Additional Tax Assessed | $34,691.00 | |
| 12/31/2014 | 11/23/2015 | Tax | $24,787.00 | $46,571.70 |
| | 06/26/2017 | Accuracy-Related Penalty | $1,042.00 | |
| | 06/26/2017 | Additional Tax Assessed | $8,137.00 | |
| Total | | | | $1,250,291.00 |

Id. The Government states, and the Hupps do not contest, that the IRS timely notified the Hupps of these assessments. The assessments all remain unsatisfied.

The Hupps requested three installment agreements for tax year 2008. Two of these installment-agreement offers were

accepted but later terminated for nonpayment. The Hupps made a third offer on September 25, 2012, which the IRS rejected on February 4, 2013.

On July 27, 2012, the Hupps took title, as joint tenants, of a property located at 5401 Stonehaven Ridge in Springfield, Illinois (the "Property"). See id. ex. H (hereafter "Deed"). The Government filed Notices of Federal Tax Lien with the County Recorder of Sangamon County, Illinois, on the following dates:

| Type of Tax | Tax Periods Ending | Date Notice Filed |
|---|---|---|
| Income | 12/31/2008; 12/31/2009 | 07/19/2011; 04/01/2019 |
| Income | 12/31/2010 | 01/13/2012 |
| Income | 12/31/2011; 12/31/2012; 12/31/2013; 12/31/2014 | 10/03/2017 |

On April 29, 2020, the Government filed this suit pursuant to 26 U.S.C. § 7403. See Compl., d/e 1. The Government seeks a judgment against the Hupps as to tax years 2008 through 2014, a determination that the above-mentioned tax liens are valid and subsisting, and an order enforcing those liens against the Property and compelling the Property's sale. Id. at 6.

The Hupps, proceeding without a lawyer, filed an Answer on February 11, 2021. See Defs.' Answer, d/e 37. In their Answer,

the Hupps agreed that the Government timely filed this action. See id. ¶ 16 (citing 26 U.S.C. §§ 6502, 6331(k)).

The Government now moves for partial summary judgment. See Pl.'s Mot., d/e 51. In its reply, the Government concedes that Mrs. Hupp is entitled to a stay of this action during the pendency of her petition to the IRS for innocent-spouse relief. See Pl.'s Reply, d/e 56, at 9.

## II. LEGAL STANDARD

Summary judgment is proper if the movant shows that no genuine dispute exists as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The movant bears the initial responsibility of informing the Court of the basis for the motion and identifying the evidence the movant believes demonstrates the absence of any genuine dispute of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). A genuine dispute of material fact exists if a reasonable trier of fact could find in favor of the nonmoving party. Carroll v. Lynch, 698 F.3d 561, 564 (7th Cir. 2012). At summary judgment, the Court construes all facts in the light most favorable to the non-moving

party and draws all reasonable inferences in that party's favor. Woodruff v. Mason, 542 F.3d 545, 550 (7th Cir. 2008).

### III. ANALYSIS

**A.    Mrs. Hupp Is Entitled to a Stay of This Action Only as to Her Liability.**

Mrs. Hupp petitioned the IRS for innocent-spouse relief in November 2021.  See Defs.' Resp. ex. 1, d/e 54-1, at 6.  The innocent-spouse exemption protects joint filers who were unaware of their co-filers' erroneous tax reporting.  See 26 U.S.C. § 6015.  Under 26 U.S.C. § 6015(e)(1)(B), a proceeding against an innocent-spouse petitioner cannot be prosecuted until 90 days after the IRS has issued its notice of final determination.

As the Government concedes, see Pl.'s Reply, d/e 56, at 9, the Court is statutorily obliged to stay these proceedings as to Mrs. Hupp's liability while she awaits a final determination from the IRS.  The Court will do so.

**B.    The Government Is Entitled to Summary Judgment as to Mr. Hupp's Tax Liability.**

The Government first seeks judgment against Mr. Hupp for "unpaid joint federal income tax liabilities . . . for tax years 2008 through 2014," as evidenced by the Government's IRS Forms 4340.

See Pl.'s Mot., d/e 51, at 7.  Mr. Hupp "acknowledge[s] that an amount of tax is owed but do[es] not agree with the amount" reflected in the Forms 4340.  See Defs.' Resp., d/e 54, at 2. Specifically, Mr. Hupp contests both the accuracy of the Government's interest-rate calculation and the accuracy of the IRS's tax software.

IRS assessments are "entitled to a legal presumption of correctness—a presumption that can help the Government prove its case against a taxpayer in court."  United States v. Fior D'Italia, 536 U.S. 328, 242 (2002); see also JPMorgan Chase & Co. v. Comm'r, 530 F.3d 634, 638 (7th Cir. 2008) ("As a general matter, the Commissioner's deficiency determinations are 'presumptively correct.'").  At summary judgment, the Government may establish the validity of a given tax assessment by submitting an attendant IRS Form 4340.  Hefti v. I.R.S., 8 F.3d 1169, 1172 (7th Cir. 1993).

Moreover, pursuant to 26 U.S.C. § 6601, interest accrues on unpaid tax at the rate prescribed in 26 U.S.C. § 6621.  See United States v. Schroeder, 900 F.2d 1144, 1150 n.5 (7th Cir. 1990). Interest on unpaid tax compounds daily.  26 U.S.C. § 6622(a). Further penalties accrue for failure to pay estimated taxes, see 26

U.S.C. § 6654, and for failure to timely file a tax return and pay the amount shown on a filed return, see 26 U.S.C. § 6651. Under 26 U.S.C. § 6321, the Government also is entitled to recover the costs of collecting unpaid tax.

The determinative question here is whether Mr. Hupp has called into question the validity of the IRS's penalty and interest calculations. To do so, Mr. Hupp must offer some evidence that the Government's calculations were arbitrary or capricious. See, e.g., Pittman v. Comm'r, 100 F.3d 1308, 1313 (7th Cir. 1996). But Mr. Hupp does not so offer. Instead, he contends that "there is no way to prove the reports are wrong because they do not have enough detail to determine how the tax amount was even calculated." Defs.' Resp., d/e 54, at 3. Mr. Hupp further argues that the advanced age of the IRS's tax software leaves its assessments susceptible to technical error. Id. at 5. Neither argument suffices as evidence of arbitrariness or capriciousness.

Because Mr. Hupp has not rebutted the presumptive validity of the Government's tax assessments, the Government is entitled to summary judgment against Mr. Hupp as to liability.

**C.   The Government Is Entitled to Enforce its Tax Liens Against Mr. Hupp's Share of the Property.**

The Government also seeks a judgment to enforce its liens against Mr. Hupp's share of the Property.

Once the amount of a tax liability has been established and recorded, the IRS may employ administrative enforcement methods—including federal tax liens—to collect the outstanding tax. United States v. Galletti, 541 U.S. 114, 122 (2004). A federal tax lien attaches to "all property and rights to property, whether real or personal," belonging to the taxpayer. See 26 U.S.C. § 6321; see also in re Carlson, 126 F.3d 915, 924 (7th Cir. 1997). By statute, the Government is authorized to file a civil action "to enforce the lien of the United States . . . with respect to such tax or liability or to subject any property, of whatever nature, of the delinquent, or in which he has any right, title, or interest, to the payment of such tax liability." 26 U.S.C. § 7403(a). This statutory language "reveals on its face that Congress meant to reach every interest in property that a taxpayer might have." United States v. Nat'l Bank of Commerce, 472 U.S. 713, 719–20 (1985).

The federal tax lien statute "creates no property rights but merely attaches consequences, federally defined, to rights created under state law." United States v. Bess, 357 U.S. 51, 55 (1958). To determine whether a taxpayer has "property" or "rights to property" under Section 6321, the Court first must consult the law of the relevant state. United States v. Davenport, 106 F.3d 1333, 1335 (7th Cir.1997) ("State law determines what interest a taxpayer has in property."). The Court then turns "to federal law to determine whether the taxpayer's state-delineated rights qualify as 'property' or 'rights to property' within the compass of the federal tax lien legislation." Drye v. United States, 528 U.S. 49, 58 (1999).

Here, the Hupps hold title to the Property as joint tenants. See Deed at 1. Under Illinois law, each joint tenant "is regarded as having an equal interest in the entire estate." Paluszek v. Wohlrab, 115 N.E.2d 764, 766 (Ill. 1953). Mr. and Mrs. Hupp each hold a 50% interest in the Property. Those interests no doubt fall "within the compass of the federal tax lien legislation." Drye, 528 U.S. at 58. Accordingly, the Government's tax liens automatically attached to each of the Hupps' interests at the time they took title to the Property.

The Government rightly concedes that Mrs. Hupp's interest in the Property—and her allotted proceeds from any judicial sale—must remain protected while her innocent-spouse petition awaits resolution. See Pl.'s Reply, d/e 56, at 9–10. The question, then, is whether the Government may enforce its liens against Mr. Hupp's share of the Property in the meantime. Indeed, the Government may take possession of and sell a marital residence held in joint tenancy to satisfy the tax obligations of one spouse. See Davenport, 106 F.3d at 1337 (citing United States v. Rodgers, 461 U.S. 677 (1983)). The fact of Mrs. Hupp's pending petition for relief does not limit the Government's authority to enforce its liens against her husband's interest in the Property. Id. ("On its face, § 7403 grants no exemption to sale where an innocent party holds an interest in the subject property.").

In sum, the Government is entitled to a judgment that the federal tax liens against Mr. Hupp's interest in the Property are valid and subsisting. The Court will order the sale of the Property in accordance with 26 U.S.C. § 7403.

## V. CONCLUSION

For these reasons, the Government's Motion for Partial Summary Judgment (d/e 51) is GRANTED.

**IT IS FURTHER ORDERED THAT:**

1. This matter is STAYED as to Defendant Michelle L. Hupp. The parties shall advise the Court as to the disposition of Defendant Michelle L. Hupp's administrative petition for innocent-spouse relief.

2. The Clerk is DIRECTED to enter judgment against Defendant Dean A. Hupp in the amount of $1,250,291.00, plus statutory interest and other penalties accruing from and after November 15, 2021, pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c), until the judgment is satisfied.

3. The Court finds and declares, pursuant to 26 U.S.C. §§ 6321 and 6322, that the United States has valid and subsisting tax liens against and upon all property and rights to property of Defendant Dean A. Hupp, including Defendant Dean A. Hupp's rights, titles, claims, and interests in the property located at 6401 Stonehaven Ridge, Springfield, Illinois.

4. The Court finds and declares that the United States is entitled to enforce the federal tax liens against the property located at 6401 Stonehaven Ridge, Springfield, Illinois, and that the United States may sell the entire property free and clear of all rights, titles, liens, claims, and interests of the parties, including any rights of redemption.  The proceeds of the sale shall be distributed or held in escrow according to an agreed order anticipated by the United States.

5. The United States is DIRECTED to submit a proposed order of final judgment against Defendant Dean A. Hupp within thirty days of the entry of this order.

**ENTERED:  NOVEMBER 8, 2022**

**FOR THE COURT:**

                                      *s/ Sue E. Myerscough*
                                         **SUE E. MYERSCOUGH**
                       **UNITED STATES DISTRICT JUDGE**